IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Thomas Berrier, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 1:22-cv-00131-SHR |
| | : | (JUDGE SYLVIA H. RAMBO) |
| Valley Proteins, Inc. | : | |
| | : | |
| Defendant. | : | |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT

Defendant Valley Proteins, Inc. ("Defendant"), by counsel, hereby states the following as its Answer to the Complaint:

## INTRODUCTION

1. Defendant admits only that Plaintiff purports to bring this action against Defendant pursuant to the Americans with Disabilities Act ("ADA"), the Pennsylvania Medical Marijuana Act ("MMA"), and Pennsylvania common law. Defendant denies the remaining allegations in paragraph 1 of the Complaint and denies that it engaged in any unlawful actions of any kind.

## JURISDICTION AND VENUE

2. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint, and on that basis, they are denied.

3. Defendant admits the allegations of paragraph 3 of the Complaint, except that the allegations concerning whether it is a "citizen" of Virginia state a conclusion of law, and Defendant denies the allegations to the extent they misstate the law in any manner.

4. The allegations in paragraph 4 of the Complaint address issues of jurisdiction and state conclusions of law to which no response is required. To the extent the allegations misstate the law in any manner, they are denied. Defendant denies all allegations to the extent they state or imply that Defendant engaged in any wrongdoing of any kind.

5. The allegations in paragraph 5 of the Complaint address issues of jurisdiction and state conclusions of law to which no response is required. To the extent the allegations misstate the law in any manner, they are denied. Defendant denies all allegations to the extent they state or imply that Defendant engaged in any wrongdoing of any kind.

6. The allegations in paragraph 6 of the Complaint address issues of jurisdiction and state conclusions of law to which no response is required. To the extent the allegations misstate the law in any manner, they are denied. Defendant denies all allegations to the extent they state or imply that Defendant engaged in any wrongdoing of any kind.

7. The allegations in paragraph 7 of the Complaint address issues of venue and state conclusions of law to which no response is required. To the extent the allegations misstate the law in any manner, they are denied. Defendant denies all allegations to the extent they state or imply that Defendant engaged in any wrongdoing of any kind.

8. In regard to the allegations of paragraph 8 of the Complaint, Defendant admits only that the Equal Employment Opportunity Commission ("EEOC") issued a Dismissal and Notice of Rights to Plaintiff's Charge of Discrimination, but it is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's receipt of the Dismissal and Notice of Rights. Defendant denies the remaining allegations of paragraph 8 as conclusions of law to which no responsive pleading is required. To the extent the allegations misstate the law in any manner or are deemed to be factual in whole or in part, they are denied.

## PARTIES

9. Defendant incorporates by reference its answers to paragraphs 1 through 8 of the Complaint as though fully set forth herein as its answer to paragraph 9 of the Complaint.

10. In regard to the allegations of paragraph 10 of the Complaint, Defendant admits only that Plaintiff is an adult. Defendant lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10, and on that basis, they are denied.

11. In regard to the allegations of paragraph 11 of the Complaint, Defendant admits only that it is a corporation providing services for the collection, rendering, and recycling of animal by-product and used cooking oil throughout the United States, with headquarters at the address stated in the Complaint. Defendant further admits that while employed by Defendant, Plaintiff worked at Defendant's Mifflintown, Pennsylvania location. Defendant denies all remaining allegations in paragraph 11.

12. Defendant denies the allegations of paragraph 12 of the Complaint as conclusions of law to which no response is required. Defendant denies all allegations to the extent they misstate the law in any manner. To the extent the allegations are deemed to be factual in whole or in part, they are denied.

## FACTUAL BACKGROUND

13. Defendant incorporates by reference its answers to paragraphs 1 through 12 of the Complaint as though fully set forth herein as its answer to paragraph 13 of the Complaint.

14. In regard to the allegations of paragraph 14 of the Complaint, Defendant admits only that Plaintiff was employed by Defendant from January 29,

2018, until November 16, 2020. Defendant denies all remaining allegations in paragraph 14.

15. Defendant admits the allegations in paragraph 15 of the Complaint.

16. Defendant admits the allegations in paragraph 16 of the Complaint.

17. Defendant admits that Plaintiff was supervised by general manager, Stanley James Shestokes, and plant manager, Randy Allison. Defendant denies any remaining allegations in paragraph 17 of the Complaint.

18. Defendant denies the allegations in paragraph 18 of the Complaint.

19. Defendant denies the allegations in paragraph 19 of the Complaint.

20. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint, and on that basis, they are denied.

21. Defendant denies the allegations of paragraph 21 of the Complaint as conclusions of law to which no responsive pleading is required. To the extent the allegations are deemed to be factual in whole or in part, they are denied.

22. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint regarding Plaintiff's medication and treatment, and on that basis, they are denied. Defendant denies the remaining allegations in paragraph 22.

23. Defendant denies the allegations in paragraph 23 of the Complaint.

24. Defendant denies the allegations in paragraph 24 of the Complaint.

25. Defendant denies the allegations in paragraph 25 of the Complaint.

26. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint, and on that basis, they are denied.

27. Defendant denies the allegations of paragraph 27 of the Complaint as conclusions of law to which no responsive pleading is required. To the extent the allegations are deemed to be factual in whole or in part, they are denied.

28. Defendant denies the allegations in paragraph 28 of the Complaint.

29. Defendant denies the allegations in paragraph 29 of the Complaint.

30. Defendant denies the allegations in paragraph 30 of the Complaint.

31. In regard to the allegations in paragraph 31 of the Complaint, Defendant admits it did not drug test Plaintiff at the time of termination, but it denies the remaining allegations of paragraph 31. Defendant denies the allegations of footnote 1 of the Complaint as conclusions of law to which no response is required. To the extent the allegations misstate the law in any manner or are deemed to be factual in whole or in part, they are denied.

32. Defendant denies the allegations in paragraph 32 of the Complaint.

33. Defendant denies the allegations in paragraph 33 of the Complaint. Defendant denies the allegations of footnote 2 of the Complaint as conclusions of

law to which no response is required. To the extent the allegations misstate the law or are deemed to be factual in whole or in part, they are denied.

### COUNT I
### Violations of the Americans with Disabilities Act ("ADA")
### ([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; and [3] Failure to Accommodate)

34. Defendant incorporates by reference its answers to paragraphs 1 through 33 of the Complaint as though fully set forth herein as its answer to paragraph 34 of the Complaint.

35. Defendant denies the allegations in paragraph 35 of the Complaint.

36. Defendant denies the allegations in paragraph 36 of the Complaint.

37. Defendant denies the allegations in paragraph 37 of the Complaint.

38. Defendant denies the allegations of paragraph 38 of the Complaint.

### COUNT II
### Violations of the Pennsylvania Medical Marijuana Act ("MMA")
### 35 P.S. §§ 1023.101, et. seq.

39. Defendant incorporates by reference its answers to paragraphs 1 through 38 of the Complaint as though fully set forth herein as its answer to paragraph 39 of the Complaint.

40. Defendant denies the allegations of paragraph 40 of the Complaint as conclusions of law to which no response is required. To the extent the allegations misstate the law in any manner or are deemed to be factual in whole or in part, they are denied.

41. Defendant denies the allegations of paragraph 41 of the Complaint as conclusions of law to which no response is required. To the extent the allegations misstate the law in any manner or are deemed to be factual in whole or in part, they are denied.

42. Defendant denies the allegations of paragraph 42 of the Complaint as conclusions of law to which no response is required. To the extent the allegations misstate the law in any manner or are deemed to be factual in whole or in part, they are denied.

43. Defendant denies the allegations in paragraph 43 of the Complaint.

44. Defendant denies the allegations of paragraph 44 of the Complaint as conclusions of law to which no response is required. To the extent the allegations misstate the law in any manner or are deemed to be factual in whole or in part, they are denied. Defendant denies the allegations of footnote 3 of the Complaint as conclusions of law to which no response is required. To the extent the allegations misstate the law in any manner or are deemed to be factual in whole or in part, they are denied.

45. Defendant denies the allegations of paragraph 45 of the Complaint as conclusions of law to which no response is required. To the extent the allegations misstate the law in any manner or are deemed to be factual in whole or in part, they

are denied.  Defendant further denies that a private right of action is cognizable under the MMA.

46.	Defendant denies the allegations of paragraph 46 of the Complaint.

## COUNT III
## Common-Law Failure to Hire/Wrongful Termination
### (Public Policy Violation)

47.	Defendant incorporates by reference its answers to paragraphs 1 through 46 of the Complaint as though fully set forth herein as its answer to paragraph 47 of the Complaint.

48.	The allegations of paragraph 48 of the Complaint refer to the terms of the MMA, which speak for themselves and Defendant denies all allegations that attempt to paraphrase or characterize the MMA.  Defendant further denies all remaining allegations of paragraph 48.

49.	The allegations of paragraph 49 of the Complaint refer to the terms of the MMA, which speak for themselves and Defendant denies all allegations that attempt to paraphrase or characterize the MMA.  Defendant further denies all remaining allegations of paragraph 49.

50.	Defendant denies the allegations in paragraph 50 of the Complaint.

51.	Defendant denies the allegations of paragraph 51 of the Complaint.

52.	Defendant denies the allegations of paragraph 52 of the Complaint.

As to the WHEREFORE clause following paragraph 52 of the Complaint, Defendant denies that Plaintiff is entitled to any of the relief and/or damages listed.

**AFFIRMATIVE AND OTHER DEFENSES**

1. All allegations not expressly admitted are hereby denied.

2. The Complaint fails to state a claim upon which relief can be granted.

3. Plaintiff's claims are barred, in whole or in part, because Plaintiff cannot establish the necessary elements of his claims.

4. Plaintiff has failed to state a claim pursuant to the ADA.

5. Plaintiff fails to state a claim upon which relief may be granted, as federal law prohibits the use of marijuana, and Plaintiff's usage of marijuana is not a lawful activity.

6. Plaintiff is not a disabled person under the ADA.

7. Plaintiff has failed to state a claim pursuant to the MMA.

8. Plaintiff is not a qualifying "patient" within the meaning of the MMA.

9. Plaintiff is not entitled to protection under the MMA based on, among other things, his use of marijuana at the worksite and/or his intoxication at the worksite.

10. Plaintiff fails to state a claim upon which relief can be granted as there is no explicit or implied private cause of action under the MMA, and the MMA provides no remedy for a private cause of action.

11. Plaintiff fails to state a claim upon which relief can be granted, as enforcement of the MMA is statutorily vested exclusively in the Pennsylvania Department of Health.

12. Plaintiff's claims are barred by the doctrines of waiver and estoppel.

13. Plaintiff fails to state a claim upon which relief can be granted as to Plaintiff's claim for punitive damages and/or attorney's fees, as the MMA does not provide for the recovery of punitive damages and/or attorneys' fees.

14. Plaintiff has failed to state a claim for wrongful termination pursuant to Pennsylvania common law.

15. Any injury or damages suffered by Plaintiff, to the extent actually incurred, were caused by reason of Plaintiff's own wrongful acts, misconduct and/or negligence.

16. Defendant did not discriminate, fail to reasonably accommodate, or retaliate against Plaintiff in violation of the ADA.

17. All decisions and actions taken by Defendant with respect to Plaintiff were made or taken in good faith and for legitimate non-discriminatory and non-retaliatory reasons.

18. Plaintiff's claims are barred in whole or in part to the extent that Plaintiff has failed to mitigate any alleged damages Plaintiff claims to have sustained (the entitlement to recovery for which is expressly denied); alternatively, any claims

for relief for lost earnings and/or benefits must be set off and/or reduced by wages, compensation, pay and benefits, or other earnings or remunerations, profits, and benefits received.

19. Defendant did not subject Plaintiff to any discriminatory conduct or engage in any unlawful, retaliation, and, therefore, Plaintiff is not entitled to compensatory or punitive damages.

20. Plaintiff has not set forth facts sufficient to state a claim under any federal or state law for punitive damages.

21. Defendant is not liable for punitive damages because Defendant never intentionally engaged in any unlawful employment practices with malice, willfulness or reckless disregard for Plaintiff's protected rights.

22. Any claim which may be stated in the Complaint for damages resulting from physical, mental and/or emotional distress or any other injury or harm is barred to the extent that such claim is covered by the Pennsylvania Worker's Compensation Act.

23. To the extent discovery may show, Plaintiff's claims and the relief requested in the Complaint are barred or otherwise limited by after-acquired evidence.

24. Defendant reserves the right to assert additional affirmative defenses as they become available during the course of investigation and discovery.

WHEREFORE, Defendant demands judgment in its favor:

(a) dismissing the Complaint:

(b) awarding Defendant its costs, expenses, experts' fees, and reasonable attorneys' fees; and

(c) awarding Defendant such other and further relief to which it may be entitled.

Dated: March 25, 2022

*/s/ Leigh H. McMonigle*
Leigh H. McMonigle (PA 309308)
TROUTMAN PEPPER HAMILTON SANDERS LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA  19103-2799
215.981.4000

David E. Constine, III
TROUTMAN PEPPER HAMILTON SANDERS LLP
P. O. Box 1122
Richmond, Virginia 23218-1122
 (804) 697-1200
david.constine@troutman.com
(*Pro hac vice* forthcoming)

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I, Leigh H. McMonigle, hereby certify that, on March 25, 2022, a true and correct copy of the foregoing Answer and Affirmative Defenses was served via the Court's Electronic Case Filing (ECF) system upon the following:

Ari R. Karpf, Esquire<br>
Adam Lease, Esquire<br>
Karpf, Karpf & Cerutti, P.C.<br>
3331 Street Road<br>
Two Greenwood Square, Suite 128<br>
Bensalem, PA 19020

          */s/ Leigh H. McMonigle*
          Leigh H. McMonigle

48052v2