# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS J. BERRIER,<br><br>*Plaintiff*,<br><br>v.<br><br>VALLEY PROTEINS, INC.,<br><br>*Defendant*. | CIVIL ACTION<br><br>No.: 22-131-SHR |

## JOINT CASE MANAGEMENT PLAN

**1. Principal Issues**

   1.1.   Separately for each party, please give a statement summarizing this case:

*For Plaintiff:*

Plaintiff was hired in January of 2018 as a second shift supervisor. In or about November of 2020, management approached Plaintiff and asked him if he ever used marijuana (upon information and belief because another employee relayed Plaintiff's medical marijuana patient status to Defendant). Plaintiff replied that he had a valid medical marijuana card and that he only used prescribed marijuana after work hours. Defendant's management then asked Plaintiff to see his medical marijuana card and informed him that they would talk to him the following day. Plaintiff was then abruptly terminated and was informed that Defendant had a blanket policy against medical marijuana usage, even if medically prescribed.

Plaintiff reiterated that he was a qualified "patient" under the Pennsylvania Medical Marijuana Act ("MMA"), 35 P.S. §§ 10231.101, *et seq.*, and held a valid Pennsylvania medical marijuana identification card. Defendant, however, refused to engage in any interactive process and Plaintiff was still terminated.

Plaintiff had a primarily supervisory role, which only included using a forklift only on rare occasions when Defendant was short-handed. Plaintiff would have foregone the use of medical marijuana if anyone had any kind of interactive dialogue

with him (although it has been one of the few medications that has actually helped him). Moreover, nothing would have prohibited Plaintiff from performing his job effectively or properly just because he consumed marijuana in the evening, and Defendant never even administered a drug test to Plaintiff but simply terminated him outright.

*For Defendant:*

Plaintiff's claim that Valley Proteins acted unlawfully is not supported by the law or the facts. Plaintiff's description of the events in the Complaint bears little resemblance to the facts that actually occurred. The documented evidence shows that Plaintiff was terminated after he was observed by the workers he supervised, as well as the General Manager of the plant where he worked, to be under the influence of marijuana while he was on duty at Defendant's manufacturing plant as a supervisor. Plaintiff posed a danger to himself and others by being under the influence of marijuana while working on and around dangerous machinery. The General Manager of the plant was notified of the situation while he was at home, and he returned to the plant to find Plaintiff high on marijuana. Plaintiff was found to be hallucinating and seeing things that were not there. Plaintiff admitted to smoking marijuana on the plant premises and a few days later signed a document admitting the same. Defendant has a photograph of the "grinder" that was in Plaintiff's locker at the plant, which he admittedly used to grind the marijuana buds. By smoking marijuana on the plant premises and being under the influence while on duty, Plaintiff directly violated Defendant's policy and engaged in conduct that was dangerous and illegal under federal law and is not protected under the Pennsylvania Medical Marijuana Act. Contrary to Plaintiff's assertions, he was required to operate heavy equipment, including forklifts, frequently.

In addition, Plaintiff admitted in a signed statement that he was a current illegal drug user and therefore is not protected under the Americans with Disabilities Act ("ADA"). Moreover, Valley Proteins was not aware of Plaintiff having any disability; it did not perceive him to be disabled; he never asked for an accommodation; he never showed Valley Proteins a medical marijuana card; and Valley Proteins never asked him for such a card. Valley Proteins did not fail to engage in an "interactive process" with Plaintiff because no accommodation was requested, and Valley Proteins was aware of no disability.

1.2.   The facts the parties <u>dispute</u> are as follows:

*The parties dispute: (1) whether Plaintiff was subjected to discrimination or retaliation for any reason; and (2) whether Plaintiff's termination was pretextual.*

*The parties also dispute whether: Plaintiff used marijuana at work; Plaintiff was impaired and under the influence of marijuana at work; other employees observed Plaintiff under the influence; Plaintiff had drug paraphernalia in his locker; Plaintiff has a disability; Plaintiff asked for any accommodation; Plaintiff showed Defendant a medical marijuana card; Defendant asked Plaintiff to show such a card; Plaintiff admitted to smoking marijuana on the plant premises.*

agree upon are as follows:

*The parties agree that Plaintiff was hired by Defendant on or about January 29, 2018. In total, Plaintiff was employed by Defendant for approximately three (3) years, until on or about November 16, 2020. At the time of his termination, Plaintiff was employed as a second shift supervisor. The parties further agree that Defendant did not drug test Plaintiff at the time of termination.*

1.3. The legal issues the parties dispute are as follows:

*The parties dispute whether sufficient facts exist to support Plaintiff's claims against Defendant.*

*Plaintiff disputes that he was terminated for a legitimate, non-discriminatory / non-retaliatory reason.*

*Defendant disputes that Plaintiff's use of medical marijuana is protected by the ADA.*

*Defendant disputes that Plaintiff's use of medical marijuana is protected by the Pennsylvania Medical Marijuana Act.*

*Defendant disputes that a termination for use of medical marijuana is protected by Pennsylvania public policy.*

*Defendant disputes that Plaintiff is a disabled person under the ADA.*

*Defendant disputes that it violated the ADA or the Pennsylvania Medical Marijuana Act in any manner.*

<u>agree</u> upon are as follows:

*That jurisdiction and venue are proper.*

1.4. Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction or venue:

*None at this time.*

1.5. Identify any named parties that have not yet been served:

*None at this time.*

1.6. Identify any additional parties that:

plaintiff(s) intends to join: *None at this time.*

defendant(s) intends to join: *None at this time.*

1.7. Identify any additional claims that:

plaintiff(s) intends to add: *None at this time.*

defendant(s) intends to add: *None at this time.*

**2.0  Disclosures**

The undersigned counsel certify that they have made the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) or that they will do so within the time provided by that rule.

2.1 Separately for each party, list by <u>name and title/position</u> each person whose identity has been disclosed.

*Disclosed by Plaintiff:*

| <u>Name</u> | <u>Title/Position</u> |
|---|---|
| Stanley James Shestokes | General Manager |
| Randy Allison | Plant Manager |

4

*Disclosed by Defendant:*

| Name | Title/Position |
|---|---|
| Stanley James Shestokes | General Manager |
| Randy Allison | Plant Manager |
| Kimberly Hadley | Human Resources Manager |
| Richard Hedrick | Human Resources Director |
| Carson Atkins | Former employee |

**3.0   Early Motions**

Identify any motion(s) whose early resolution would <u>likely</u> have a significant effect either on the scope of discovery or other aspects of the litigation:

| Nature of Motion | Moving Party | Anticipated Filing Date |
|---|---|---|

*None at this time.*

**4.0   Discovery**

4.1   Briefly describe any discovery that has been completed or is in progress:

*The Parties are preparing their initial disclosures, Interrogatories and Request for Production of Documents.*

4.2   Describe any <u>discovery</u> that all <u>parties agree</u> should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):

*The Plaintiff has served written discovery and the Defendant is preparing to do so. The Parties also intend to take depositions. Defendant intends to depose Plaintiff. Plaintiff intends to depose some or all persons identified in his and Defendant's Rule 26 Disclosures; and any additional witnesses disclosed in Defendant's forthcoming discovery responses.*

*The Parties anticipate that the subjects of discovery will include: Plaintiff's employment, the circumstances relating to Plaintiff's alleged wrongful termination, discrimination, failure to accommodate and retaliation, Plaintiff's separation from employment, Plaintiff's mitigation efforts, Plaintiff's claims for damages, the affirmative defenses pled by Defendant, Plaintiff's alleged disabilities, and Plaintiff's use of marijuana.*

4.3   Describe any <u>discovery</u> that one or more parties want(s) to conduct but <u>to which another party objects</u>, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:

*None at this time.*

4.4   Identify any <u>subject area limitations on discovery</u> that one or more parties would like imposed, at the first stage of or throughout the litigation:

*None at this time.*

4.5   For each of the following discovery tools, <u>recommend the per-party or per-side limitation</u> (specify the number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by plaintiff(s) and by defendant(s)):

   4.5.1   depositions (excluding experts) to be taken by:

   plaintiff(s):  10         defendant(s):  10

   4.5.2   interrogatories to be served by:

   plaintiff(s):  25         defendant(s):  25

   4.5.3   document production requests to be served by:

   plaintiff(s):  50         defendant(s):  50

   4.5.4   requests for admission to be served by:

   plaintiff(s):  25         defendant(s):  25

4.6   Discovery of electronically stored information

■ Counsel certify that they have conferred about the matters addressed in M.D. Pa LR 26.1 and that they are in agreement about how those matters will be addressed in discovery

☐ Counsel certify that they have conferred about the matters addressed in M.D. Pa. LR 26.1 and that they are in agreement about how those matters will be addressed in discovery with the following exceptions:

**5.0   Protective Order**

5.1   If entry of a protective order is sought, attach to this statement a copy of the proposed order. Include a statement justifying the propriety of such a protective order under existing Third Circuit precedent.

*The Parties may stipulate to a Confidentiality Agreement for the Discovery of Confidential Information. The Parties shall attempt in good faith to resolve any dispute that may arise and will only seek appropriate application with the Court in order to protect the rights created by the Confidentiality Agreement.*

5.2   If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:

*None at this time.*

**6.0   Scheduling**

6.1   Final date for joining additional parties: N/A

6.2   Final date for amending pleadings: N/A, except that the Parties reserve the right to file a motion to amend at any time, pursuant to Fed.R.Civ.P. 15.

6.3   All fact discovery commenced in time to be completed by: 11/9/2022

6.4   All potentially dispositive motions should be filed by: 1/17/2023

6.5   All reports for retained experts due: N/A

6.6   Supplementations due: N/A

6.7   All expert discovery commenced in time to be completed by: N/A

6.8   This case may be appropriate for trial in approximately:

    \_\_\_ 240 Days from the filing of the action in this court

    \_\_\_ 365 Days from the filing of the action in this court

    \_\_\_ Days from the filing of the action in this court

    *60 days after decision on dispositive motions.*

6.9    Suggested Date for the final Pretrial Conference:

    *30 days after decision on dispositive motions.*

6.10    Trial

    6.10.1    Suggested Date for Trial

    *60 days after decision on dispositive motions.*

## 7.0    Certification of Settlement Authority (All Parties Shall Complete the Certification)

I hereby certify that the following individual(s) have settlement authority.

<u>Thomas Berrier</u>
Name

<u>Plaintiff</u>
Title

<u>Provided on caption of Complaint</u>
Address


<u>Royal Witcher</u>
Name

<u>Chief Operating Officer</u>
Title

<u>151 Valpro Drive, Winchester, VA  22603</u>
Address

**8.0   Alternative Dispute Resolution ("ADR")**

   8.1   Identify any ADR procedure to which this case has been assigned or which the parties have agreed to use.

      ADR Procedure:  *Mediation*

      Date ADR to be commenced:  on or before June 29, 2022

      Date ADR to be completed:  on or before September 30, 2022

   8.2   If the parties have been unable to agree on an ADR procedure, but one or more parties believes that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:

      *Not applicable.*

   8.3   If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:

      *Not applicable.*

**9.0   Consent to Jurisdiction by a Magistrate Judge**

Indicate whether all parties agree, pursuant to 28 U.S.C. § 636(c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit:

All parties agree to jurisdiction by a magistrate judge of this court:  __Y  **X** N

If the parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:

      ___ Scranton/Wilkes-Barre

      ___ Harrisburg

**10.0  Other Matters**

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

*None at this time. The Parties reserve the right to supplement as discovery progresses.*

## 11.0   Identification of Counsel

Counsel shall be registered users of the court's Electronic Case Files System (ECF) and shall file documents electronically in accordance with the Local Rules of Court and the Standing Order RE:  Electronic Case Filing Policies and Procedures.  Electronic filing is required unless good cause is shown to the Chief Judge why counsel cannot comply with this policy.  Any request for waiver of electronic filing must be filed with the Clerk's Office prior to the case management conference.  The Chief Judge may grant or deny such request.

Dated: 4/29/22            */s/ Adam C. Lease*_____
                          Attorney(s) for Plaintiff
    ■     ECF User(s)
    ☐     Waiver requested (as separate document)
    ☐     Fed.R.Civ.P. 7.1 (statement filed if necessary)*


Dated:  4/28/22           */s/ Leigh H. McMonigle*_____
                          Attorney(s) for Defendant
    ■     ECF User(s)
    ☐     Waiver requested (as separate document)
    ■     Fed.R.Civ.P. 7.1 (statement filed if necessary)*

10

#125230186 v1