**IMPORTANT NOTICE**

**REQUIREMENT TO FILE "DISCLOSURE STATEMENT"
PURSUANT TO FED.R.CIV.P. 7.1**

Attorneys representing non-governmental corporate parties are reminded of their duty, pursuant to Federal Rules of Civil Procedure 7.1(a), to file a disclosure statement that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock or state that there is no such corporation. A party must file the Rule 7.1(a) disclosure statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court, and promptly file a supplemental statement upon any change in the information that the statement requires.

A form "Disclosure Statement pursuant to Federal Rules of Civil Procedure 7.1" is available on the court's website @ www.pamd.uscourts.gov

When electronically filing the "Disclosure Statement" in the court's electronic case filing system, filers are to use the filing event titled "Disclosure Statement Pursuant to FRCP 7.1 (Parent Corporations)" listed under Other Filings, Other Documents.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Thomas J. Berrier | : | **CIVIL ACTION NO.** 1:22-CV-131 |
| Plaintiff | : | |
| v. | : | |
| Valley Proteins, Inc. | : | |
| Defendant | : | |

## CASE MANAGEMENT ORDER

1. **COUNSEL AND PRO SE LITIGANTS ARE RESPONSIBLE FOR READING THIS ENTIRE ORDER**. For the convenience of counsel, a schedule of important dates follows, however, details regarding said dates/deadlines are contained in the body of this order:

| | |
|---|---|
| Jury Selection/Trial Date | April 17, 2023 |
| Fact Discovery Deadline | November 9, 2022 |
| Dispositive Motions & Supporting Briefs | January 17, 2023 |
| Motions in Limine & Supporting Briefs | February 14, 2023 |
| Motions in Limine Response | February 24, 2023 |
| Motions in Limine Reply | March 3, 2023 |
| Pretrial Conference | March 23, 2023 @ 10:30 a.m. |
| Pretrial Memoranda | March 16, 2023 |
| Proposed Voir Dire Questions | March 16, 2023 |
| Proposed Jury Instructions | March 16, 2023 |

2. Counsel are encouraged to consent to the disposition of this case by the United States magistrate judge pursuant to 28 U.S.C. § 636(c).

3. The captioned case is placed on the April 2023 trial list. Jury selection for trials on the list will commence at **9:30 a.m.** on **April 17, 2023** in Courtroom No. 3, Eighth Floor, Federal Building, Third and Walnut Streets, Harrisburg, Pennsylvania. Trials will commence following the completion of jury selections. Counsel should note that criminal matters take priority and may delay the beginning of the civil trial list. Counsel may contact the court one week prior to the scheduled jury selection to

determine the approximate starting date.  However, counsel should be aware that the trial list may change drastically; therefore, counsel shall be prepared to go to trial at any point during the trial term.

      4. The court issues this order pursuant to Rule 16 of the Federal Rules of Civil Procedure.  The views of counsel of all represented parties, as to how and on what schedule pretrial matters should be conducted, have been solicited at the scheduling conference.  Counsel shall not mutually agree to extend any time periods covered by this order, the local rules, or the Federal Rules of Civil Procedure without the approval of the court.  **Requests for extensions of the following time periods will not be granted except under exceptional circumstances and must comply with Local Rule 7.5.  All written requests for continuance of discovery deadlines or trial shall be signed by counsel in conformity with the Civil Justice Reform Act of 1990, 28 U.S.C. § 473(b)(3). Furthermore, all requests for extensions of the discovery deadline must be made at least thirty (30) days prior to the expiration of the discovery period. The court will entertain a conference call, if agreed upon by counsel, to resolve time periods and discovery issues**.

      5. DISCOVERY:

          (a)  Counsel shall note that this district has **not** opted-out of Federal Rule of Civil Procedure 26.  The joint case management plan contemplates discovery prior to the Rule 26(f) meeting and is, therefore, deemed to be an exception to the limitation on discovery contained in the first sentence of Rule 26(d).  Counsel shall not cease active discovery pending disposition of a motion to dismiss.

(b)  All discovery shall be completed by **November 9, 2022**, and shall be completed by the parties expeditiously and diligently.  **In the event that discovery disputes arise and are not resolved after counsel attempt in good faith to do so, the matter shall be brought before the court by way of a telephone conference rather than through the filing of formal motions.**  Parties who are having, or anticipate having, difficulty in obtaining reports from their experts shall notify the court in order that a deadline can be set for the submission and exchange of the reports <u>**in time to meet the deadline**</u>.

6. MOTIONS:

(a)  Dispositive motions <u>and</u> supporting briefs must be filed by **January 17, 2023**.  Briefs in support, in opposition and in reply to summary judgment motions may be up to 15 pages in length, pursuant to Middle District Local Rules.  In multiple defendant cases, any defendant contemplating a dispositive motion shall confer with other defense counsel and shall agree to file joint motions and briefs whenever possible.  Those parties needing to brief separate issues may do so by filing separate briefs.  Parties filing motions for summary judgment shall comply with Middle District Rule 7.4.

(b) Motions <u>in limine</u> **and** supporting briefs shall be filed no later than **February 14, 2023**, responsive brief(s) by **February 24, 2023** and replies to motions in limine are due by **March 3, 2023**. Motions to exclude expert testimony, which require a <u>Daubert</u> hearing, shall be filed no later than thirty days of receipt of the expert report.

7. PRE-TRIAL MATTERS:

(a) A pretrial conference will be held on **March 23, 2023** at **10:30 a.m.** in the chambers of Courtroom No. 3, Eighth Floor, Federal Building, Third and Walnut Streets, Harrisburg, Pennsylvania.  **Counsel as well as litigants must be present at this conference in order to have effective settlement discussions.**

(b)  Local Rule 16.2, as it relates to settlement authority, will apply to this conference.

(c) On or before **March 16, 2023**, each party shall file through the Clerk of Court, a pretrial memorandum; said filing shall otherwise be in conformity with the local rules.  Failure to timely file pretrial memoranda will result in an appropriate sanction.  Fed. R. Civ. P. 16(f).  **Points for Charge shall be submitted with the pre-trial memoranda.** In all other respects, the points for charge shall be in conformity with Local Rule 51.1. Voir dire questions shall be made part of the pretrial memorandum.

(d) Deadline for Joinder of parties **N/A**

(e) Amendment of Pleading **N/A**

(f) If counsel file trial briefs they must be filed two (2) working days prior to commencement of the trial list.

(g) In non-jury cases, counsel shall meet within four (4) weeks after the close of discovery and discuss settlement.  Subsequent to that meeting, counsel shall notify this court if they would like the assistance of the United States Magistrate in conducting a formal settlement conference.

5

During the trial of non-jury cases, there should be extra copies of exhibits for the law clerk, as well as, the Judge available.

(h) **THREE WEEKS prior to the date scheduled for the submission of the pretrial memoranda, counsel for the parties shall hold the attorneys' conference required by Local Rule 16.3**.  This conference shall be face-to-face unless the court, upon written request, approves another arrangement.  Counsel who will try the case shall attend the Rule 16.3 pretrial conference unless the court, upon written request, approves the substitution of another attorney who is fully familiar with the case. Failure of the plaintiff to initiate the holding of the conference or the defendant to respond to such initiative in an appropriate manner may result in the imposition of sanctions, including possible dismissal of the action.

(i) Counsel who will try the case shall attend the pretrial conference unless the court, upon written request, approves the substitution of another attorney who is fully familiar with the case and has the settlement authority required by Local Rule 16.2.  A copy of the local rules may be obtained from the Clerk of the Court by writing:  Clerk of Court, Federal Building, P. O. Box 983, Harrisburg, Pennsylvania 17108-0983.

(j) At the pretrial conference, counsel for the plaintiff shall be required to set forth the elements of the particular type of claim (or claims) being made.  Counsel for the defendant shall be required to identify any legal defenses he/she expects to make. At trial, each party shall be limited to those factual and legal issues contained in his or her pretrial memorandum. All evidence, except evidence offered for impeachment, that does not

relate to a factual or legal issue set forth in the pretrial memorandum or disclosed at the pretrial conference shall be excluded unless the parties agree otherwise or the court orders otherwise.

8. Counsel and pro se litigants are requested to file all documents in this case with the Clerk of Court, P. O. Box 983, Room 920, Federal Building, Harrisburg, PA 17108.  Do not send courtesy copies directly to the court unless requested by the court.

9. Trial Exhibits: The court has presentation technology available in the courtroom to display evidence to the jury. Training, if necessary, on the equipment should be arranged well in advance of trial with the courtroom deputy. If counsel wishes to use the court's Jury Evidence Recording System (JERS), for displaying exhibits to the jury, they shall provide, in electronic format, any documents, photographs, videos, and any other evidence that may be reduced to an electronic file, for use by the courtroom deputy in preparation of trial. Documents and photographs shall be in **.pdf, .jpg, .bmp, .tif,** or **.gif** format; video and audio recordings shall be in **.avi, .wmv, .mpg, .mp3, .wma,** or **.wav** format. Each electronic exhibit shall be saved as a separate, independent file, and provided to the Court on a storage device, such as cd, dvd, or flash drive. Exhibit files shall be named consistent with their order and name on the exhibit list:

*(Exh number)-(Exh part)_(Exh Description).(File Extension)*
*For Example:*
*1-1_ Picture of house.jpg; 1-2_ Picture of dog.jpg; 2_Copy of Mortgage.pdf.*
These cd's, dvd's or flash drives should be submitted a minimum of two weeks prior to trial.

7

10. If the parties intend to use depositions at trial in place of live testimony, said depositions shall be taken and transcribed so that the court can resolve any objections in the case where objections cannot be resolved among counsel.  In such a situation, said objections and copies of the relevant depositions shall be submitted to the court at least fifteen (15) days prior to trial.  Where counsel have failed to meet the time requirement in this paragraph, the court may, in its discretion, deem the objections withdrawn.  If the depositions to be used are videotaped, a transcript must be provided to the court in advance of trial.

11.  Videotape equipment shall be set up in the courtroom prior to the commencement of trial in the morning, if its use is anticipated in the morning, or during the lunch break, if its use is anticipated in the afternoon.

12.  Whenever any civil action scheduled for jury trial is settled or otherwise disposed of in advance of the actual trial, jurors' costs, including mileage and per diem, shall be assessed equally against the parties unless the Clerk's Office at the place the trial is to be held is notified of the settlement in sufficient time to permit the Clerk to advise the jurors that their attendance will not be necessary.  Notice to such Clerk's Office before 2:00 p.m. on the last business day preceding the day on which the trial of the action is to start shall be adequate for such purpose.

*Pre-Trial Memorandum forms available on our website: **www.pamd.uscourts.gov**

Dated: May 9, 2022                                         /s/ Sylvia H. Rambo
                                                                        United States District Judge